

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00198-CR

EDWIN ANTONIO OSORIO-LOPEZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 17927

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

After a jury trial in Upshur County, Edwin Antonio Osorio-Lopez was convicted of evading arrest or detention with a motor vehicle and aggravated assault with a deadly weapon. Osorio-Lopez was sentenced to concurrent ten-year and twenty-year sentences, respectively.[1] On appeal of his conviction of aggravated assault with a deadly weapon, Osorio-Lopez claimed that the trial court erred in not granting his motion for a continuance to allow for a competency examination[2] and that the evidence was insufficient to establish that a food tray was a deadly weapon.

By order dated August 14, 2019, we sustained Osorio-Lopez's first point of error and abated this case to the trial court with instructions to conduct a retrospective competency trial, if such a trial were feasible. After having determined that a retrospective competency trial was feasible, the trial court conducted the retrospective competency trial on February 25, 2020, and found Osorio-Lopez to have been competent at the trial resulting in the convictions that are the subjects of his appeals. Following abatement, we granted Osorio-Lopez's motion for rehearing. After having been afforded the opportunity for further briefing following abatement, Osorio-Lopez contends that the trial court abused its discretion (1) by granting defense counsel's oral request to withdraw at the retrospective competency trial and by allowing Osorio-Lopez to represent himself during that proceeding, (2) by admitting evidence against him during the

---

[1]See TEX. PENAL CODE ANN. §§ 38.04 (2)(A), 22.02.

[2]In companion cause number 06-18-00197-CR, Osorio-Lopez appeals from his conviction of evading arrest or detention with a vehicle. In that case, as in this one, Osorio-Lopez claimed that the trial court erred in not granting his motion for a continuance to allow for a competency examination.

2

retrospective competency proceeding, and (3) by not finding sufficient evidence of his incompetency.

In our companion cause number 06-18-00197-CR styled, *Edwin Antonio Osorio-Lopez v. The State of Texas*, we addressed Osorio-Lopez's first issue and found that, because Osorio-Lopez should have been represented by counsel at the retrospective competency hearing, he was entitled to a new retrospective competency hearing. For the reasons expressed in that opinion, we find that, in this case, Osorio-Lopez is, likewise, entitled to a new retrospective competency hearing.

We reverse the trial court's competency determination. We abate and remand to the trial court for a new retrospective competency hearing. The trial court is instructed to appoint counsel who will not be a potential witness at the competency hearing to represent Osorio-Lopez at that hearing.[3]

Ralph K. Burgess
Justice

Date Submitted:     January 13, 2021
Date Decided:       April 23, 2021

Do Not Publish

---

[3]Based on this disposition, we need not address Osorio-Lopez's remaining points of error.

3